```
Michael D. Adams (State Bar No. 185835)
madams@rutan.com
Seth M. Jessee (State Bar No. 310983)
sjessee@rutan.com
Sarah Gilmartin (State Bar No. 324665)
sgilmartin@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone:  714-641-5100
Facsimile:  714-546-9035

Attorneys for Plaintiff
AMERICAN AUTOMOBILE ASSOCIATION,
INC.
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN AUTOMOBILE ASSOCIATION, INC., a Connecticut corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PREFERRED EXPRESS ROADSIDE, INC., a California corporation and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 8:19-cv-01854<br><br>Assigned to: Hon. Josephine L. Staton<br>Referred to: Hon. John D. Early<br><br>**PLAINTIFF AMERICAN AUTOMOBILE ASSOCIATION, INC.'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Filed concurrently here with [Proposed] Order; Declarations of Michael D. Adams and James G. Brehm]** |

PLEASE TAKE NOTICE that on March 27, 2020, at 10:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 10A, 10th Floor, of the above-entitled Court, Plaintiff THE AMERICAN AUTOMOBILE ASSOCIATION, INC. ("Plaintiff" or "AAA") will request that the Court enter default judgment in this matter against defendant PREFERRED EXPRESS ROADSIDE INC. ("Defendant" or "Preferred Express").

AAA served the Summons and Complaint on Preferred Express on October 3, 2019, via its registered agent for service, Omar Khatib, as evidenced by the Proof of

Rutan & Tucker, LLP
attorneys at law

2314/017601-0140
14611561.4 a02/10/20　　　　-1-　　　　Case No. 8:19-cv-01854
NOTICE OF MOTION AND MOTION FOR
DEFAULT JUDGMENT

Service filed with the Court. (Dkt. 11.) Preferred Express has failed to appear or otherwise respond to AAA's Complaint within the 21 day time period prescribed by the Federal Rules of Civil Procedure. The Court entered default against Preferred Express on January 9, 2020. (Dkt. 15.) AAA served the Default by the Clerk on Preferred Express the following day, as evidenced by the Proof of Service filed with the Court. (Dkt. 17.)

Preferred Express is not a minor or incompetent person or in military service or otherwise exempted under the Servicemember's Civil Relief Act. As such, AAA requests that the Court enter default judgment against Preferred Express for the injunctive relief AAA requested in its Complaint.

Dated: February 10, 2020

RUTAN & TUCKER, LLP
MICHAEL D. ADAMS
SETH M. JESSEE
SARAH GILMARTIN

By:  */s/ Michael D. Adams*
Michael D. Adams
Attorneys for Plaintiff
AMERICAN AUTOMOBILE ASSOCIATION, INC.

Rutan & Tucker, LLP
attorneys at law

2314/017601-0140
14611561.4 a02/10/20

-2-

Case No. 8:19-cv-01854
NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................3

FACTUAL BACKGROUND.................................................................................3

ARGUMENT .........................................................................................................5

I.   THE COURT SHOULD ENTER DEFAULT JUDGMENT AGAINST PREFERRED EXPRESS................................................................5

II.  PREFERRED EXPRESS'S UNAUTHORIZED USE OF THE AAA MARK VIOLATES AAA'S RIGHTS ....................................................7

    A.   Preferred Express's Unauthorized Use of the AAA Mark Constitutes Federal Trademark Infringement and Unfair Competition................................................................................................7

    B.   Preferred Express's Infringing Use Constitutes Federal Trademark Dilution.........................................................................9

    C.   Preferred Express's Infringing Use Constitute Trademark Dilution Under California Law ....................................................11

    D.   Preferred Express's Infringing Use of the AAA Striping Mark Constitutes Common Law Trademark Infringement ................12

III. AAA IS ENTITLED TO INJUNCTIVE RELIEF .......................................12

Rutan & Tucker, LLP
attorneys at law

2314/017601-0140
14611561.4 a02/10/20

-i-

Case No. 8:19-cv-01854
NOTICE OF MOTION AND MOTION FOR
DEFAULT JUDGMENT

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Am. Auto. Ass'n, Inc. v. AAA Auto Club of Queens, Inc.*,
No. 97-CV-1180, 1999 WL 97918 (E.D.N.Y. Feb. 8, 1999) .......................... 8, 10

*Am. Auto. Ass'n, Inc. v. AAA Ins. Agency, Inc.*,
618 F. Supp. 787 (W.D. Tex. 1985) ...................................................................... 10

*AMF Inc. v. Sleekcraft Boats*,
599 F.2d 341 (9th Cir. 1979) ................................................................................ 7

*Beachbody, LLC v. Johannes*,
No. CV 11-1148, 2011 WL 3565226 (C.D. Cal. Aug. 12, 2011) ......................... 5

*Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*,
174 F.3d 1036 (9th Cir. 1999) .............................................................................. 7

*Century 21 Real Estate Corp. v. Sandlin*,
846 F.2d 1175 (9th Cir. 1988) ............................................................................ 12

*Coach Servs. v. YNM, Inc.*,
No. 2:10–CV–02326, 2011 WL 1752091, 2011 U.S. Dist. LEXIS
52482 (C.D. Cal. May 6, 2011) ............................................................................ 6

*Credit One Corp. v. Credit One Fin., Inc.*,
661 F. Supp. 2d 1134 (C.D. Cal. 2009) .............................................................. 12

*Discovery Commc'ns, Inc. v. Animal Planet, Inc.*,
172 F. Supp. 2d 1282 (C.D. Cal. 2001) ................................................................ 5

*Dreamwerks Prod. Group v. SKG Studio*,
142 F.3d 1127 (9th Cir. Cal. 1998) ..................................................................... 12

*Eitel v. McCool*,
782 F.2d 1470 (9th Cir. 1986) .............................................................................. 6

*In re Gastown, Inc.*,
51 C.C.P.A. 876 (C.C.P.A. 1964) ....................................................................... 10

*Jada Toys, Inc. v. Mattel, Inc.*,
518 F.3d 628 (9th Cir. 2008) ..................................................................... 7, 9, 10

Rutan & Tucker, LLP
attorneys at law

2314/017601-0140
14611561.4 a02/10/20

-ii-

Case No. 8:19-cv-01854
NOTICE OF MOTION AND MOTION FOR
DEFAULT JUDGMENT

**Page(s)**

**FEDERAL CASES (CONT.)**

*Jianhua Jin v. Tang*,
  No. CV 16-1884-GW, 2018 WL 6177258
  (C.D. Cal. Feb. 22, 2018) ................................................................................. 5

*Nissan Motor Co. v. Nissan Comput. Corp.*,
  378 F.3d 1002 (9th Cir. 2004) ........................................................................ 10

*Oil Express Nat'l v. Burgstone*,
  1996 WL 666698, 1996 U.S. Dist. LEXIS 16938
  (N.D. Ill. Nov. 13, 1996) ................................................................................ 10

*Panavision Intern., LP v. Toeppen*,
  945 F. Supp. 1296 (C.D. Cal. 1996) ............................................................... 11

*Pepsico, Inc. v. California Security Cans*,
  238 F.Supp.2d 1172 (C.D. Cal. 2002) .............................................................. 6

*Philip Morris USA Inc. v. Castworld Products, Inc.*,
  219 F.R.D. 494 (C.D. Cal. 2003) .................................................................... 12

*Surfvivor Media, Inc. v. Survivor Productions*,
  406 F.3d 625 (9th Cir. 2009) ............................................................................ 7

*Visual Changes Skin Care Int'l, Inc. v. Neways, Inc.*,
  No. CV F 08-0959, 2008 WL 4723603, 2008 U.S. Dist. LEXIS
  111554 (E.D. Cal. Oct. 24, 2008) ................................................................... 12

**FEDERAL STATUTES**

15 U.S.C.
  section 1114 ...................................................................................................... 7
  section 1116(a) .......................................................................................... 12, 13
  section 1118 .................................................................................................... 13
  section 1125(a) ............................................................................................ 7, 13
  section 1125(c) ............................................................................................ 9, 13
  section 1125(c)(1) ........................................................................................... 10
  section 1125(c)(2)(A) ..................................................................................... 10
  section 1605 ...................................................................................................... 8

Rutan & Tucker, LLP
attorneys at law

2314/017601-0140
14611561.4 a02/10/20

-iii-

Case No. 8:19-cv-01854
NOTICE OF MOTION AND MOTION FOR
DEFAULT JUDGMENT

**Page(s)**

**FEDERAL STATUTES (CONT.)**

Lanham Act
    section 32 ........................................................................................................ 7
    section 43(a) ................................................................................................... 7

**STATE STATUTES**

California Business and Professions Code
    section 14247 ................................................................................................ 11

**RULES**

Federal Rule of Civil Procedure
    rule 55(b) ........................................................................................................ 5
    rule 55(b)(2) ................................................................................................... 3

Rutan & Tucker, LLP
attorneys at law

2314/017601-0140
14611561.4 a02/10/20

-iv-

Case No. 8:19-cv-01854
NOTICE OF MOTION AND MOTION FOR
DEFAULT JUDGMENT

## INTRODUCTION

Plaintiff American Automobile Association, Inc. ("AAA" or "Plaintiff") requests that this Court enter a default judgment against Defendant Preferred Express Roadside Inc. ("Preferred Express" or "Defendant"). Preferred Express is in default. On September 27, 2019, AAA filed its Complaint against Preferred Express. (Dkt. 1.) On October 3, 2019, AAA served Preferred Express with the Summons and Complaint via its registered agent, Omar Khatib. (Dkt. 11.) Preferred Express has failed to plead or otherwise defend the claims raised in the Complaint as provided by the Federal Rules of Civil Procedures.

On January 7, 2020, after expiration of Preferred Express's period to respond to the Complaint, AAA filed its Request for Entry of Default against Preferred Express along with the supporting Declaration of Michael D. Adams. (Dkt. 13.) On January 9, 2020, the Clerk entered Preferred Express's default on the docket. (Dkt. 15.) A copy of the Default by the Clerk was served on Preferred Express the following day. (Dkts. 16 [service on agent], 17 [service on Preferred Express's place of business].) Pursuant to Federal Rule of Civil Procedure 55(b)(2) and based on the facts set forth below, AAA hereby requests entry of default judgment and the relief available under federal and state law. Specifically, AAA requests that the Court issue the permanent injunction prayed for in the Complaint to avoid future irreparable harm to its trademarks.

## FACTUAL BACKGROUND

AAA is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business at 1000 AAA Drive, Heathrow, Florida 32746. Complaint at ¶ 4. AAA is the owner of numerous other famous registered trademarks incorporating the AAA mark in the United States and throughout the world, including U.S. service mark Registration No. 829,265 (the "AAA Mark"), used in connection with a number of services, including but not limited to providing emergency road service in International Class 37. *Id.* at ¶¶ 10,

Rutan & Tucker, LLP
attorneys at law

2314/017601-0140
14611561.4 a02/10/20

-3-

Case No. 8:19-cv-01854
NOTICE OF MOTION AND MOTION FOR
DEFAULT JUDGMENT

11. AAA has used the AAA Mark for over 100 years, and the AAA Mark has developed significant fame and goodwill in connection with emergency road services. Declaration of James G. Brehm ("Brehm Decl.") at ¶ 2.)

As a result of the long period of use, extensive advertisement, and sale of services under the AAA Mark, motorists and members of the general consumer population of the United States and the entire world recognize the AAA Mark as exclusive source identifiers for emergency roadside services originating from AAA. *Id.* at ¶ 19. As part of the extensive services that AAA offers under the AAA Mark, AAA permits select emergency roadside service businesses to use or display the AAA Mark if the businesses meet the exacting evaluation criteria used by the AAA. Brehm Decl. at ¶ 3. Consequently, AAA members and the public know, and expect, that the emergency roadside service businesses displaying the AAA Mark meet AAA's rigorous standards. *Id.* AAA maintains a robust trademark enforcement program that pursues businesses that unlawfully attempt to benefit from an apparent association or affiliation with AAA. *Id.* at ¶ 4.

Preferred Express has been and is in the business of providing emergency roadside services. Complaint at ¶ 13. Without authorization from AAA, Preferred Express has been using the AAA Mark in conducting and promoting its business, including, without limitation, displaying the AAA Mark, on Preferred Express's emergency roadside vehicles. *Id*. at ¶¶ 13, 14.

Based on the foregoing, AAA filed its Complaint on September 27, 2019. (Dkt. 1.) AAA served the Summons and Complaint on Preferred Express's registered agent on October 3, 2019, as evidenced by the Proof of Service filed with this Court. (Dkt. 11.) Preferred Express failed to appear or otherwise respond to AAA's Complaint within the 21 day time period prescribed by the Federal Rules of Civil Procedure. Thus, AAA filed a request for entry of default against Preferred Express on January 7, 2020. (Dkt. 13.) The Court's Clerk entered default against Preferred Express on January 9, 2020. (Dkt. 15.) Copies of the Clerk's Entry of

Rutan & Tucker, LLP
attorneys at law
2314/017601-0140
14611561.4 a02/10/20
-4-
Case No. 8:19-cv-01854
NOTICE OF MOTION AND MOTION FOR
DEFAULT JUDGMENT

Default were served on Preferred Express on January 10, 2020. (Dkts. 16, 17.)

Preferred Express is a business entity and therefore not a natural person, is not a minor or an incompetent person and is not otherwise exempted under the Servicemembers Civil Relief Act. *See, e.g., Jianhua Jin v. Tang*, No. CV 16-1884-GW (AJWx), 2018 WL 6177258, at *3 (C.D. Cal. Feb. 22, 2018) ("MTW is a business entity and thus cannot be an infant, incompetent, or protected by the Servicemembers Civil Relief Act."); Declaration of Michael Adams ("Adams Decl.") at ¶ 9.

Despite being served with AAA's Complaint and the Clerk's Entry of Default, Preferred Express has not contacted AAA or its counsel with a request for an extension of time to respond, nor has it filed an answer to the Complaint or other responsive pleading. *Id.* at ¶ 8.

## ARGUMENT

### I. THE COURT SHOULD ENTER DEFAULT JUDGMENT AGAINST PREFERRED EXPRESS.

Federal Rule of Civil Procedure 55(b) allows the Court to enter a judgment by default against a party when that party has "failed to plead or otherwise defend" and the clerk has entered the party's default on the docket. *See, e.g., Discovery Commc'ns, Inc. v. Animal Planet, Inc.*, 172 F. Supp. 2d 1282, 1287 (C.D. Cal. 2001). "[O]nce the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except those allegations relating to damages." *Beachbody, LLC v. Johannes*, No. CV 11-1148, 2011 WL 3565226, at *2 (C.D. Cal. Aug. 12, 2011) (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)).

In the absence of any objection by Preferred Express and given the facts described in the Complaint and in this Motion, AAA's allegations establish that Preferred Express's unauthorized use of its AAA Mark constitutes federal and common law trademark infringement, unfair competition by false designation of

Rutan & Tucker, LLP
attorneys at law

2314/017601-0140
14611561.4 a02/10/20

-5-

Case No. 8:19-cv-01854
NOTICE OF MOTION AND MOTION FOR
DEFAULT JUDGMENT

origin, and trademark dilution.

This Court may consider several factors in determining whether to grant default judgment, including: (i) the possibility of prejudice to AAA; (ii) the merits of AAA's claims; (iii) the sufficiency of AAA's complaint; (iv) the money at stake; (v) the possibility of disputes concerning material facts; (vi) the possibility of excusable neglect; and (vii) the policy favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The *Eitel* factors weigh heavily in AAA's favor. First, AAA will be prejudiced Preferred Express's continued use of the AAA Mark because such use is likely to confuse consumers and damage AAA and the AAA Mark. If AAA's Motion is not granted, then "Plaintiff[] will likely be without other recourse for recovery." *Pepsico, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002). Second, as set forth in the next section, AAA's Complaint sufficiently establishes the factual and legal merits of AAA's claims. Third, AAA has decided to forego its claims for damages, attorneys' fees and costs, and instead seeks a permanent injunction. Fourth, the material facts are undisputed. Fifth, Preferred Express's failure to answer the Complaint or otherwise respond in this matter is not a product of excusable neglect, but an intentional decision to ignore this lawsuit. Sixth and finally, "where a defendant fails to appear and respond as occurred here, a decision on the merits is impossible and default judgment is appropriate." *Coach Servs. v. YNM, Inc.*, No. 2:10–CV–02326, 2011 WL 1752091 at *4, 2011 U.S. Dist. LEXIS 52482 (C.D. Cal. May 6, 2011) (citing *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F.Supp.2d 1039, 1061 (N.D. Cal. 2010)).

Furthermore, a default judgment against Preferred Express is proper because Preferred Express is a business entity and not a natural person. Adams Decl. at ¶ 9. Thus, Preferred Express is not a minor or an incompetent person and the Servicemembers Civil Relief Act does not apply. AAA is therefore entitled to injunctive relief.

Rutan & Tucker, LLP
attorneys at law

2314/017601-0140
14611561.4 a02/10/20

-6-

Case No. 8:19-cv-01854
NOTICE OF MOTION AND MOTION FOR
DEFAULT JUDGMENT

## II. PREFERRED EXPRESS'S UNAUTHORIZED USE OF THE AAA MARK VIOLATES AAA'S RIGHTS.

### A. Preferred Express's Unauthorized Use of the AAA Mark Constitutes Federal Trademark Infringement and Unfair Competition.

Preferred Express's use of the AAA Marks in conducting and promoting its business constitutes trademark infringement and unfair competition in violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).  To prevail on its claims for trademark infringement and unfair competition under the Lanham Act, AAA must establish that the "trademark infringer's use of [its] mark creates a likelihood that the consuming public will be confused as to who makes the product."  *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 632 (9th Cir. 2008) (internal quotations omitted).

In this Circuit, courts determine likelihood of confusion by analyzing the eight *Sleekcraft* factors:  (1) the strength of the mark; (2) the proximity of the goods and services; (3) the similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendants' intent in selecting the mark; and (8) likelihood of expansion of product lines.  *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979).  Although courts analyze each of the eight factors, "[t]he test is a fluid one and the plaintiff need not satisfy every factor, provided that strong showings are made with respect to some of them."  *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 631 (9th Cir. 2009).  In fact, the importance of the individual factors will vary by case, and a court may reach a conclusion on confusion by only considering a subset of the factors.  *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1054 (9th Cir. 1999).

Here, the well-pleaded allegations in the Complaint indicate that regardless what factors the Court considers, AAA will prevail as it can make a "strong

Rutan & Tucker, LLP
attorneys at law

2314/017601-0140
14611561.4 a02/10/20

-7-

Case No. 8:19-cv-01854
NOTICE OF MOTION AND MOTION FOR
DEFAULT JUDGMENT

showing" with respect to at least six of the eight factors.

First, the AAA Mark is among the strongest anywhere. AAA owns numerous trademark registrations (many of which are incontestable, *see* 15 U.S.C. § 1605) for its AAA Mark, which cover a variety of goods and services, including emergency roadside services. Complaint, ¶¶ 10-12, 17-18. AAA has made widespread commercial use of the AAA Mark, and the mark is well known to AAA members and the general public. *Id.* at ¶¶ 12, 19; *see See, e.g.*, *Am. Auto. Ass'n, Inc. v. AAA Auto Club of Queens, Inc.*, No. 97-CV-1180, 1999 WL 97918, at *4 (E.D.N.Y. Feb. 8, 1999). Indeed, "the AAA marks strongly indicate the source of services provided and are therefore entitled to the greatest degree of protection afforded by the Lanham Act." *Id.*, at *15.

Second, there is a proximity of services because Preferred Express provides emergency roadside services and AAA endorses providers of emergency roadside services and allows providers of such services to use or display the AAA Mark if they meet AAA's exacting evaluation criteria. Complaint, ¶ 12-13; Adams Decl., ¶ 2. Preferred Express's use of the AAA Mark makes it not only likely, but probable, that consumers would mistakenly associate its emergency roadside services with those approved by AAA.

Third, the mark is either identical or substantially identical. The AAA Mark, which appears on emergency roadside service vehicles operated by businesses affiliated with and/or endorsed by AAA, is comprised of the letters "AAA." Brehm Decl. at ¶ 3; Complaint, Ex. 1. Preferred Express's emergency roadside service vehicles also bear the letters "AAA." Adams Decl., ¶ 2; Complaint at ¶¶ 13-14, Ex. B.

Fourth, both AAA and Preferred Express use the same marketing channels, including without limitation displaying the AAA Mark on emergency roadside service vehicles. Complaint, ¶ 13; Brehm Decl. at ¶ 3.

Fifth, given the nature of the services offered by Preferred Express, consumers

are unlikely to exercise a high degree of care and are likely to be misled.  Most consumers seeing the AAA Mark displayed on Preferred Express's emergency roadside service vehicles will naturally assume that its business is one of the select emergency roadside service businesses that have met AAA's criteria, or that Preferred Express's business is otherwise affiliated with, associated with and/or sponsored by AAA.  Brehm Decl. at ¶¶ 5-6.  It is unlikely that consumers would contact AAA or perform any other investigation to verify this mistaken belief, particularly if such consumers are in need of emergency roadside services.

Sixth, and finally, Preferred Express's unauthorized use of the AAA Mark demonstrates improper intent.  Preferred Express's awareness of AAA's exclusive rights in the AAA Mark in connection with emergency roadside services through the fame of the AAA Mark with respect to these services is evidence of Preferred Express's improper intent to benefit from falsely giving the impression of an association or affiliation with AAA.  As alleged in the Complaint, Preferred Express's actions were willful and in bad faith.  Complaint at ¶¶ 24, 33, 36, 45.  Indeed, Preferred Express's use of the AAA Mark can only be explained by an intent to mislead consumers into believing that their emergency roadside services are approved by AAA.

In sum, AAA has established that Preferred Express's conduct constitutes trademark infringement and unfair competition because Preferred Express's use of the AAA Mark "creates a likelihood that the consuming public will be confused." *Jada Toys, Inc.*, 518 F.3d at 632.

B. **Preferred Express's Infringing Use Constitutes Federal Trademark Dilution.**

To establish that Preferred Express violated 15 U.S.C. § 1125(c), AAA must demonstrate that:  (1) it owns a famous and distinctive mark; (2) Preferred Express made use of that mark in interstate commerce; (3) Preferred Express's use began after AAA's mark became famous; and (4) Preferred Express's use dilutes the

Rutan & Tucker, LLP
attorneys at law
2314/017601-0140
14611561.4 a02/10/20
-9-
Case No. 8:19-cv-01854
NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT

distinctive quality of the famous marks by blurring or tarnishment. *See* 15 U.S.C. § 1125(c)(1); *Jada Toys, Inc.*, 518 F.3d at 637; *Nissan Motor Co. v. Nissan Comput. Corp.*, 378 F.3d 1002, 1010 (9th Cir. 2004).

First, as discussed above, the AAA Mark is famous and distinctive as a result of AAA's history and experience providing high quality services, and AAA and its member clubs' continuous and extensive advertising, promotion, and sale of such services under the AAA Mark throughout the nation. *See* 15 U.S.C. § 1125(c)(2)(A) (factors demonstrating a mark's fame); *see also Am. Auto. Ass'n, Inc. v. AAA Ins. Agency, Inc.*, 618 F. Supp. 787, 790 (W.D. Tex. 1985) ("AAA is a widely known organization that has been extensively advertised and promoted throughout the United States. . . . [T]he 'AAA' name has come to be relied upon by a significant segment of the public as indicating AAA and its services."); *AAA Auto. Club of Queens, Inc.*, 1999 U.S. Dist. LEXIS 8892, at *15 ("[T]he AAA Marks strongly indicate the source of the services provided and are therefore entitled to the greatest degree of protection under the Lanham Act.").

Second, Preferred Express's use of the AAA Mark is in interstate commerce because Preferred Express displays the AAA Mark on its emergency roadside service vehicle in the course of providing emergency roadside services. Complaint at ¶ 14. Such roadside services may be rendered to motorists traveling across state lines on highways, thus satisfying the interstate commerce requirement. *See*, *In re Gastown, Inc.*, 51 C.C.P.A. 876, 878 (C.C.P.A. 1964) (holding that automotive service station rendered services in interstate commerce where its services included "delivering gasoline and other automobile products to trucks or other vehicles stalled on highways"); *Oil Express Nat'l v. Burgstone*, 1996 WL 666698, 1996 U.S. Dist. LEXIS 16938, *14 (N.D. Ill. Nov. 13, 1996) ("The term in commerce is intended to refer to the impact that the infringement has upon the interstate use of the trademark and not to mean that an infringer is immune from interference with a trademark so long as he keeps his infringement within the confines of a state. [Citation]. It is

Rutan & Tucker, LLP
attorneys at law
2314/017601-0140
14611561.4 a02/10/20
-10-
Case No. 8:19-cv-01854
NOTICE OF MOTION AND MOTION FOR
DEFAULT JUDGMENT

enough to show that the use has a substantial impact on interstate commerce") (internal quotation marks omitted).

Third, the AAA Mark became famous prior to Preferred Express's use of the mark. AAA has used the AAA Mark continuously in commerce for decades, including using the mark in connection with emergency roadside services since at least 1916. Complaint at ¶¶ 17-18.

Fourth, and finally, Preferred Express has diluted AAA's AAA Mark. Complaint, ¶¶ 43-44. Dilution "lessen[s] the capacity of a famous mark to identify and distinguish goods or services." *Panavision Intern., LP v. Toeppen*, 945 F. Supp. 1296, 1303-04 (C.D. Cal. 1996), citing 15 U.S.C. § 1127. As established above, the AAA Mark is famous, well-recognized, and distinctive, and is exclusively used by AAA for the services it is intended to signify. Preferred Express intended to and did create a false association between itself and AAA. Preferred Express's unauthorized use of the AAA Mark in its business thus lessened the capacity of the AAA Mark to identify and distinguish AAA's services. Complaint at ¶ 43. As such, Preferred Express's use of the AAA Mark is dilutive.

### C. Preferred Express's Infringing Use Constitute Trademark Dilution Under California Law.

California Business and Professions Code section 14247 provides that, "an owner of a mark that is famous and distinctive . . . shall be entitled to an injunction against another person's commercial use of a mark or trade name, if such use begins after the mark has become famous and is likely to cause dilution of the famous mark." For the reasons stated above with respect to its Lanham Act claims, AAA has demonstrated that it owns a famous and distinctive mark, that Preferred Express used the AAA Mark after it became famous, and that, in doing so, Preferred Express diluted the AAA Mark.

Rutan & Tucker, LLP
attorneys at law

2314/017601-0140
14611561.4 a02/10/20

-11-

Case No. 8:19-cv-01854
NOTICE OF MOTION AND MOTION FOR
DEFAULT JUDGMENT

### D. Preferred Express's Infringing Use of the AAA Striping Mark Constitutes Common Law Trademark Infringement.

To prevail on its common law trademark infringement claim, AAA must show "that it owns a valid mark, that the mark was used without its consent, and that such unauthorized use is likely to cause confusion, mistake, or deception." *Credit One Corp. v. Credit One Fin., Inc.*, 661 F. Supp. 2d 1134, 1137 (C.D. Cal. 2009). The likelihood of confusion test is essentially the same under the Lanham Act and common law. *See Dreamwerks Prod. Group v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. Cal. 1998); *Visual Changes Skin Care Int'l, Inc. v. Neways, Inc.*, No. CV F 08-0959, 2008 WL 4723603, 2008 U.S. Dist. LEXIS 111554, *20-21 (E.D. Cal. Oct. 24, 2008). For the reasons stated above with respect to its Lanham Act claims, AAA has demonstrated that Preferred Express used the AAA Mark without consent and that such use is likely to cause confusion.

## III. AAA IS ENTITLED TO INJUNCTIVE RELIEF.

AAA seeks a permanent injunction preventing Preferred Express from using the AAA Mark or any other marks identical or confusingly similar to the AAA Mark, and requiring Preferred Express to remove and turnover the infringing materials. Complaint at ¶¶ 1-7 (Prayer for Relief).

"Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988). The Lanham Act gives the Court the "power to grant injunctions . . . to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office." 15 U.S.C. § 1116(a). Once a trademark holder demonstrates likelihood of confusion, it is typically entitled to injunctive relief. *See Philip Morris USA Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 502 (C.D. Cal. 2003). The Lanham Act provides that "[a]ny such injunction may include a provision directing the defendant to file with the court and

Rutan & Tucker, LLP
attorneys at law

2314/017601-0140
14611561.4 a02/10/20

-12-

Case No. 8:19-cv-01854
NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT

1  serve on the plaintiff within thirty days after the service on the defendant of such
2  injunction, or such extended period as the court may direct, a report in writing under
3  oath setting forth in detail the manner and form in which the defendant has complied
4  with the injunction." 15 U.S.C. § 1116(a).

5  Moreover, when a defendant's violation of section 1125(a) (false designation
6  of origin) or a willful violation under section 1125(c) (trademark dilution) is
7  established, as it is here, the Court has the power to order that "all labels, signs,
8  prints, packages, wrappers, receptacles, and advertisements bearing the infringing
9  mark and in the possession of the defendant" be delivered up and destroyed.
10 15 U.S.C. § 1118. The Court also has the power to order that "the word, term, name,
11 symbol, device, combination thereof, designation, description, or representation that
12 is the subject of the violation, or any reproduction, counterfeit, copy, or colorable
13 imitation thereof, and all plates, molds, matrices, and other means of making the
14 same, shall be delivered up and destroyed." *Id.*

15 AAA has established that Preferred Express's use of the AAA Mark is
16 confusing to consumers and that it reasonably expects such violations to recur.
17 Without the requested injunction, AAA will be exposed to the risk of continuing
18 irreparable harm. As such, AAA seeks a permanent injunction against Preferred
19 Express's use of marks identical or confusingly similar to the AAA Mark and
20 respectfully requests that the Court enter the injunction as requested in AAA's
21 Complaint and proposed judgment filed herewith.

22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Rutan & Tucker, LLP
attorneys at law

2314/017601-0140
14611561.4 a02/10/20

-13-

Case No. 8:19-cv-01854
NOTICE OF MOTION AND MOTION FOR
DEFAULT JUDGMENT

## **CONCLUSION**

For the reasons stated above, American Automobile Association, Inc., respectfully requests that the Court enter default judgment against Defendant Preferred Express Inc. and grant such other and further relief that is just under the circumstances.

Dated: February 10, 2020

RUTAN & TUCKER, LLP
MICHAEL D. ADAMS

By: */s/ Michael D. Adams*
Michael D. Adams
Attorneys for Plaintiff
AMERICAN AUTOMOBILE
ASSOCIATION, INC.

Rutan & Tucker, LLP
attorneys at law

2314/017601-0140
14611561.4 a02/10/20

-14-

Case No. 8:19-cv-01854
NOTICE OF MOTION AND MOTION FOR
DEFAULT JUDGMENT