UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN AUTOMOBILE ASSOCIATION, INC., a Connecticut corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PREFERRED EXPRESS ROADSIDE, INC., a California corporation and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:19-cv-01854-JLS-JDE<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND (2) ISSUING PERMANENT INJUNCTION (DOC. 19)** |

Before the Court is Plaintiff American Automobile Association, Inc.'s ("AAA") Motion for Default Judgment. (Mot., Doc. 19.) In filing its Motion, AAA has satisfied all requirements of Local Rule 55-1. (*See* Adams Decl., Doc. 19-1.) Defendant Preferred Express Roadside, Inc. ("Preferred Express") has failed to respond to the Complaint in this action. Preferred Express was served, via its authorized agent, on October 3, 2019. (Proof of Service, Doc. 11.) The Clerk of Court entered default against Preferred Express on January 9, 2020. (Entry of Default, Doc. 15.) Upon entry of default, the factual allegations of the complaint, save for those concerning damages, are deemed to have been admitted by the defaulting party. *See Geddes v. Utd. Financial Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(b)(6). As AAA notes in its Motion, the Complaint's (Doc. 1) allegations establish the following facts:

1. AAA's service mark Registration No. 829,265 (the "AAA Mark") is good and valid in law. (Compl. ¶¶ 10, 17-19; AAA Service Mark Registration, Compl. Ex. A, Doc. 1-1.)

2. The AAA Mark has become famous because of long, extensive, continuous, and exclusive use by AAA in connection with emergency roadside services, such fame occurring long before Preferred Express's adoption and use of the AAA Mark in connection with their business. (Compl. ¶¶ 18. 20.)

3. Preferred Express has infringed, and is infringing, the AAA Mark by using the AAA Mark in conducting and promoting their business, including, without limitation, displaying the AAA Mark on their emergency roadside service vehicle. (*Id.* ¶¶ 14-15, 21-22; Photographic Evidence, Compl. Ex. B, Doc. 1-2.)

4. Preferred Express has falsely designated and represented services sold in commerce in violation of 15 U.S.C. 1125(a) and have otherwise used the good will of AAA to sell Preferred Express's own services and has otherwise competed unfairly with AAA. (Compl. ¶¶ 27-31.)

5. Preferred Express's acts have lessened the capacity of the AAA Marks

to identify and distinguish services provided by or affiliated with AAA. (*Id.* ¶ 43.)

A district court has discretion to grant or deny a motion for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has set forth seven factors to be considered by courts in reviewing a motion for default judgment: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The Court has reviewed AAA's Motion for Default Judgment and concludes that, for the reasons stated therein, AAA is entitled to default judgment based on the relevant *Eitel* factors as they apply to this case. (Mot. at 5-13.) In particular, the Court notes that AAA has sufficiently pleaded and demonstrated a strong likelihood of success on its claims for: (1) federal service mark infringement under 15 U.S.C. §§ 1114(1)(a), (b); (2) false designation of origin under 15 U.S.C. § 1125(a); (3) trade name or service mark dilution under 15 U.S.C. § 1125(c)(1); (4) injury to business reputation and dilution under California Business & Professions Codes § 14330; and (5) common law unfair competition and trademark infringement.

The Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. AAA's Motion for Default Judgment is GRANTED;

2. Preferred Express, its agents, servants, employees, attorneys, and any and all persons in active concert or participation with any of them, are PERMANENTLY ENJOINED from engaging in any of the following acts;

    a. Using the AAA Mark, or any other name, mark, or design incorporating the AAA Mark, either alone or in combination with other words or

symbols, in marketing, sales, distribution, promotion, advertising, identification, or in any other manner in connection with any emergency roadside services and other related services at any locality in the United States;

      b.     Using the AAA Mark, or any other name, mark, or design incorporating the AAA Mark, in any form or manner that would tend to identify or associate Preferred Express's businesses or services with AAA in marketing, sales, distribution, promotion, advertising, identification, or in any other manner in connection with any business;

      c.     Representing (either orally or in writing) that its business is affiliated with, or approved by, AAA in any way in marketing, sales, distribution, promotion, advertising, identification, or in any other manner in connection with any business;

3.     Preferred Express, pursuant to 15 U.S.C. § 1118, is ORDERED to deliver to AAA's attorney within thirty (30) days after the entry of judgment in this matter, to be impounded or destroyed by AAA, all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, stationery, and any other items in their possession or control that contain the AAA Mark, or any other name, mark, or design incorporating the AAA Mark, either alone or in combination with other words and symbols;

4.     Preferred Express is further ORDERED to remove from its business premises and emergency roadside service vehicles, within thirty (30) days after the entry of Judgment in this matter, all instances of the AAA Mark, or any other name, mark, or design incorporating the AAA Mark, and to destroy all molds, plates, masters, or means of creating the infringing items;

5.     Preferred Express is further ORDERED to instruct, within thirty (30) days after the entry of Judgment in this matter, any print directory, Internet directory, or website that they have caused to carry the AAA Mark, or any other name, mark, or design incorporating the AAA Mark, to cease using such marks at

the earliest possible date; and

    6.    No later than thirty (30) days after the entry of judgment in this matter, Preferred Express is ORDERED to file with the Clerk of this Court and serve AAA, a report in writing, under oath, setting forth in detail the manner and form in which Preferred Express has complied with the foregoing injunction.

    **7.**    **AAA shall file a proposed judgment within fourteen (14) days of the date of this Order.**

Dated: March 24, 2020

Honorable Josephine L. Staton
United States District Court