UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN AUTOMOBILE ASSOCIATION, INC., a Connecticut corporation,<br><br>              Plaintiff,<br><br>     vs.<br><br>PREFERRED EXPRESS ROADSIDE, INC., a California corporation and DOES 1 through 10, inclusive,<br><br>              Defendants. | Case No. 8:19-cv-01854-JLS-JDE<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: HOLDING DEFENDANT PREFERRED EXPRESS ROADSIDE, INC. IN CONTEMPT** |

    This matter came before the Court on the motion of Plaintiff American Automobile Association, Inc. ("Plaintiff" or "AAA") to hold Defendant Preferred Express Roadside, Inc. ("Defendant" or "Preferred Express") in contempt. (Mot., Doc. 27.) Pursuant to the Court's Order dated October 29, 2020 (Doc. 30), any opposition to AAA's Motion was required to be filed not later than November 12, 2020. No opposition was timely filed, nor has any been filed since that time. The Court also ordered Defendant to appear for a hearing on Plaintiff's motion on March 19, 2020 at 10:30 a.m. (Order, Doc. 30). Because the Court's Order did not specify whether the hearing was to proceed in person or via Zoom, however, the Court

continued the hearing to an in-person hearing on July 30, 2021 at 10:30 a.m., and ordered Plaintiff to serve notice of the new hearing date on Defendant. (Order, Doc. 35.) Defendant failed to appear. Having considered AAA's Motion for Contempt, the Memorandum of Points and Authorities in Support of the Motion, and the declarations and exhibits in support thereof; having given Preferred Express the opportunity to oppose (an opportunity of which Preferred Express did not avail itself); and good cause appearing, the Court makes the following findings of fact and conclusions of law:

## I.     FINDINGS OF FACT

1. AAA is the owner of registered trademarks incorporating the AAA mark in the United States, including U.S. service mark Registration No. 829,265 (the "AAA Mark"), used in connection with a number of services, including but not limited to providing emergency road service in International Class 37.

2. On September 27, 2019, AAA filed its Complaint against Preferred Express alleging that, without AAA's authorization, Preferred Express used the AAA Mark in conducting and promoting its business of providing emergency roadside services, including by displaying the AAA Mark on its vehicle. (Compl. ¶¶ 13, 14, Doc. 1.) The Complaint alleged Preferred Express's use of the AAA Mark in conducting and promoting its business constitutes trademark infringement and unfair competition. (*See id.*)

3. Based on the foregoing, the Complaint sought injunctive relief, damages, attorneys' fees and costs for service mark infringement under 15 U.S.C. section 1114(l)(a) and (b); false designation of origin under 15 U.S.C. section 1125(a); dilution under 15 U.S.C. section 1125(c); injury to business reputation and dilution under California Business and Professions Code section 14330; and common law unfair competition and trademark infringement. (*See id.*) AAA decided to forego its claims for damages, attorneys' fees and costs, and instead sought a permanent injunction. (*See* Mot. for Default Judgment, Doc. 19.)

4.      On October 3, 2019, AAA served Preferred Express with the Summons and Complaint via its registered agent, Omar Khatib. (Doc. 11.)  Nevertheless, Preferred Express has failed to plead or otherwise defend the claims raised in the Complaint as provided by the Federal Rules of Civil Procedure.

5.      On January 7, 2020, after expiration of Preferred Express's period to respond to the Complaint, AAA filed its Request for Entry of Default against Preferred Express (Doc. 13), which was entered on January 9, 2020.  (Doc. 15.)  A copy of the Default by the Clerk was served on Preferred Express the following day. (Docs. 16, 17.)

6.      On March 24, 2020, upon AAA's motion, the Court entered default judgment and issued the Injunction against Preferred Express, which requires Preferred Express to take various actions to cease and desist from infringing AAA's trademarks.  (Doc. 20.)  The Injunction included the following directive: "No later than thirty (30) days after the entry of judgment in this matter, Preferred Express is ORDERED to file with the Clerk of this Court and serve AAA, a report in writing, under oath, setting forth in detail the manner and form in which Preferred Express has complied with the foregoing injunction."  (*Id*., ¶ 6.)

7.      AAA maintains that the provision requiring Preferred Express to file a report under oath is critical because AAA otherwise has no means of monitoring Preferred Express's compliance with the Injunction.  To AAA's knowledge, Preferred Express does not advertise on the Internet and does not have a physical place of business.  AAA's inability to monitor Preferred Express's compliance leaves AAA without any ability to know whether Preferred Express has ceased its infringing conduct, aside from the filing of the report under oath that the Injunction requires.  (*See* Adams Decl., Doc. 27-1.)

8.      AAA served the Injunction on Preferred Express by both substituted service and by personally serving a competent adult at the location listed as the "Entity Address" and the "Entity Mailing Address" for Preferred Express on the

California Secretary of State website. (Docs. 21, 22.)

9. On April 10, 2020, the Court entered Judgment against Preferred Express. (Doc. 24.) On April 13, 2020, AAA effected substituted service of the Judgment on Preferred Express at the "Entity Mailing Address" by leaving a copy of those papers with a mailbox store clerk and also mailing a copy to Preferred Express. (Doc. 26.) AAA was unable to personally serve Mr. Khatib due to a COVID-related business closures. (Doc. 27-1 at 5.)

10. Preferred Express was required to file its report under oath setting forth in detail the manner and form in which Preferred Express has complied with the Injunction by April 23, 2020. Preferred Express did not do so. As a result, on May 26, 2020, AAA moved for an Order To Show Cause Re: Civil Contempt. (Doc. 27.)

11. On August 27, 2020, the Court requested supplemental briefing on the issue of whether service of process was properly effected, to ensure that Defendant was adequately apprised of the action against him. (Order re: Supp. Briefing, Doc. 28.) AAA timely responded. (Supp. Briefing, Doc. 29.)

12. On September 16, 2020, AAA attempted to personally serve Mr. Khatib with the Order Granting Plaintiff's Motion for a Default Judgment and Issuing a Permanent Injunction. (*See* Supp. Briefing.) This time, Mr. Khatib's business was open and service of the Injunction was effectuated. (*See* Gilmartin Decl., Doc. 29-1, Ex. B.)

13. On October 29, 2020, the Court granted AAA's Motion for an Order To Show Cause Re: Civil Contempt ("OSC") and required Preferred Express file any written response to AAA's motion no later than fourteen (14) days from the date of service of the Order, addressing why it should not be held in civil contempt. (Doc. 30.) The Court also set a hearing on the OSC for March 19, 2021 at 10:30 a.m. (*Id.*)

14. On October 29, 2020, AAA personally served Mr. Khatib with the Court's Order issued that day. (Doc. 31.) As such, Preferred Express should have

filed a response to AAA's Motion not later than November 12, 2020.

15. To date, Preferred Express has not responded to the Court's OSC.

16. On March 19, 2021, the Court held a hearing on the OSC via Zoom. Preferred Express failed to appear. Because the Court's Order setting the hearing did not specify whether the hearing was to proceed in person or via Zoom, however, the Court continued the hearing to July 30, 2021 at 10:30 a.m. Plaintiff served notice of the new hearing date on Defendant's registered agent. (Proof of Service, Doc. 37; Gilmartin Decl. re: OSC Hearing, Doc. 38.)[1]

17. On July 30, 2021, the Court held an in-person hearing on the OSC. Preferred Express failed to appear.

## II. <u>CONCLUSION OF LAW</u>

1. "A court has wide latitude in determining whether there has been contemptuous defiance of its order." *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984). The Ninth Circuit's standard regarding the propriety of contempt sanctions "has long been whether the defendants have performed all reasonable steps within their power to insure compliance with the court's orders." *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992) (internal citations omitted).

2. "The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999).

3. AAA has established that the Injunction is clear and is not susceptible of any reasonable interpretation that would explain Preferred Express's failure to

---

[1] At the hearing, counsel for Plaintiff confirmed that Defendant's registered agent had been served with notice of the July 30, 2021 hearing date both by mail (several months before the hearing) and by personal service (on July 28, 2021). (*See also* Proof of Service, Doc. 37.) Counsel avers that she called Defendant's agent the week of the hearing, and the agent "confirmed that he had been personally served with the minute order notifying him of the hearing." (Gilmartin Decl. re OSC Hearing ¶ 3.) Finally, counsel also made several unsuccessful attempts to contact the owner of Preferred Express. (*Id.* ¶¶ 2–7.)

take steps to comply with the order. Specifically, AAA has met its burden of showing that under the Injunction, Preferred Express was required to file a report in writing, under oath, setting forth in detail the manner and form in which Preferred Express has complied with the Injunction.

4. Preferred Express never filed with the Court the required report under oath. Additionally, AAA's counsel, Michael Adams, further attests under penalty of perjury that Preferred Express has not filed the required report, nor even contacted AAA. (*See* Adams Decl., Doc. 27-1.) As such, AAA has proffered clear and convincing evidence that Preferred Express has violated, and continues to violate, the Injunction.

5. AAA has also established that Preferred Express received notice of the Injunction and the findings of fact and conclusions of law supporting it. At latest, Preferred Express received notice of the Injunction on September 16, 2020, when Mr. Khatib was personally served with the Order Granting Plaintiff's Motion for a Default Judgment and Issuing a Permanent Injunction.

6. "Once the moving party shows by clear and convincing evidence that the contemnor has violated a specific and definite order of court, the burden shifts to the contemnor to demonstrate that he or she took every reasonable step to comply, and to articulate reasons why compliance was not possible." *Bademyan v. Receivable Management Services Corp.*, No. CV 08-00519 MMM (RZx), 2009 WL 605789, at *2 (C.D. Cal. Mar. 9, 2009) (citing *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983)).

7. By failing to file any response to AAA's motion for contempt, Preferred Express has failed to meet its burden of showing that it took reasonable steps to comply with the Injunction. Nor has it articulated any reason why compliance was not possible.

8. AAA has therefore established that Preferred Express has acted in contempt of the Injunction.

9. Once a violation of a court order has been shown, civil contempt sanctions may be imposed. Coercive civil contempt sanctions are employed "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992). Civil contempt sanctions that are coercive in nature are paid to the district court. *See General Signal Corporation v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986).

10. "A court, in determining the size and duration of a coercive fine, must 'consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.'" *Whittaker Corp.*, 953 F.2d at 516 (citing *United States v. United Mine Workers of America*, 330 U.S. 258, 304 (1947)).

11. Here, AAA requests a fine of $500 per day fine, arguing that this amount is within the range of coercive per diem fines issued by other district courts for civil contempt. The cases cited by AAA, however, involved parties with access to significant financial resources. *See, e.g., Arabian Gas & Oil Dev. Co. v. Wisdom Marines Lines, S.A.*, No. 16–CV–03801–DMR, 2017 WL 4390184, at *7 (N.D. Cal. Oct. 3, 2017) (finding a coercive daily fine of $500.00 was appropriate given the plaintiff's failure to pay monetary sanctions of $31,017.26 in attorneys' fees and costs, and noting that the plaintiff "recently has had access to substantial resources," including the ability to pay $20 million under a separate contract); *United States v. Wen–Bing Soong*, No. C–13–4088 EMC, 2015 WL 5168786, at *4 (N.D. Cal. Sept. 3, 2015) (imposing a coercive daily fine of $500.00 per spouse because the couple "appear[ed] to have tremendous financial resources," including a privately-held corporation earning "revenues in excess of $200 million annually"); *United States v. Bright*, 596 F.3d 683, 696 (9th Cir. 2010) (holding that a district court's imposition of a $500 daily fine "was well within the range of appropriate sanctions to secure compliance with a tax summons," where the parties in question were the

subject of an IRS fraud investigation related to their tax consulting business, and where evidence linked them to multiple "offshore accounts" and "offshore credit cards"). Here, the record is devoid of any evidence that Preferred Express has significant financial assets, such that a $500 daily fine would be necessary to coerce Preferred Express into compliance with the Court's Injunction.

12. Accordingly, the Court finds that a fine of $50 per day payable to the Court is appropriate under the circumstances.

Based on the foregoing, the Court holds Preferred Express in contempt. The Court will issue a separate contempt order forthwith.

**IT IS SO ORDERED.**

Dated: August 02, 2021

HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE